## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| THOMAS CAMERON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-1279-KOB-JEO |
| | ) |
| FCI TALLADEGA WARDEN, et al., | ) |
| | ) |
|     Defendants. | ) |

## <u>MEMORANDUM OF OPINION</u>

The magistrate judge filed a report and recommendation on August 31, 2016, recommending that the defendants' motions for summary judgment on the plaintiff's federal claims, filed pursuant to *Bivens v. Six Unknown Names Agents*, 403 U.S. 388 (1971), be granted.  (Doc. 37).  The magistrate judge further recommended that the plaintiff's state law claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  (*Id*.).  The plaintiff has filed timely objections to the report and recommendation.  (Doc. 38).  Having considered said objections, the court finds as follows:

**Objections No. 1 and No 7**:[1]  The plaintiff first objects to the magistrate judge's "mischaracterization of his constitutional claims by . . . rephrasing his claim

---

[1] The court has adopted the same numbering system used by the plaintiff in considering the plaintiff's objections.

and then addressing only part of the claim" and objects to the findings and conclusions that summary judgment should be granted.  (Doc. 38 at 1, 4).  The plaintiff does not explain the basis for his contention that the magistrate judge addressed only part of his claim, and points to no specific claim left unaddressed by the magistrate judge.

General objections need not be considered by the court.  Rather, in filing objections to a magistrate's report and recommendation, a party must specifically identify those findings to which he objects.  *U.S. v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).  In *Macort v. Prem, Inc*., the Eleventh Circuit reiterated:

> "In order to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. . . ." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989).

*Id*., 208 Fed.App'x 781, 783-84 (11th Cir. 2006).

Because neither of these objections identifies any specific claim the plaintiff made which was not addressed, nor takes issue with any particular factual finding the plaintiff alleges to be in error and the court finds none, these objections are **OVERRULED**.

**Objection No. 2 and No. 6:**  The plaintiff objects to the magistrate judge "agreeing with the defendants when the record conclusively shows that petitioner has

2

presented genuine issues and material facts."  (Doc. 38 at 1-2).  The plaintiff continues that the Warden of FCI Talladega is in charge of the institution and Dr. Holbrook was "under his watch" when he administered Actemra.  (*Id.*, at 2).  He further asserts that the "prison under the wardens watch intentionally and deliberately denied and delayed access to medical attention."  (*Id.*, at 3-4).

*Bivens* does not provide a basis for liability against supervisors, other than for their individual actions.  No claim based on vicarious liability exists under *Bivens*. In *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), the Court held that "Government officers may not be held liable for the unconstitutional conduct of their subordinates. . . . Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.".  Therefore, to the extent that the plaintiff named "FCI Talladega Warden" as a defendant in his role as supervisor of Dr. Holbrook, any such claim is barred.  *See id.; Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003) ("supervisory officials are not liable under [*Bivens*] for the unconstitutional acts of their subordinates.") (alterations in original), *citing Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (*quoting Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)).

To the extent the plaintiff asserts the warden "intentionally and deliberately denied and delayed access to medical attention" (doc. 38 at 3-4), the plaintiff fails to provide even the merest hint of a factual basis for this claim and nothing in the record supports such a finding.   As previously stated, under *Bivens,* a plaintiff must demonstrate that the supervisor either personally participated in the alleged Constitutional violation or that the supervisor's conduct was causally connected to the Constitutional violation. *Braddy v. Dept. of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998).   Because the plaintiff alleges no specific actions by this defendant, unconstitutional or otherwise, no personal liability can attach to the warden. *See Iqbal,* 556 U.S. at 676.

Within this same set of objections, the plaintiff asserts that the magistrate judge failed to consider whether Dr. Crawford[2] was negligent in not conducting any testing to see if the plaintiff was Hepatitis C positive.  (*Id*., at 2).  The evidence reflects that Dr. Crawford prescribed Actemra ***because*** the plaintiff had Hepatitis C and had not improved with other medication.  (Doc. 33-1 at 5).  Dr. Crawford specifically noted "I chose to change to Actemra because Mr. Cameron had Hepatitis-C and could not take a medicine that required methotrexate.  Actemra did not require methotrexate."

---

[2]The plaintiff's objection to the magistrate judge's finding that Dr. Monica Crawford is not a federal actor (doc. 38 at 3), is discussed *infra*, at Objection No. 5.

4

(*Id.*).  Thus, the plaintiff's argument that Dr. Crawford failed to conduct any testing to see if he had Hepatitis C is wholly refuted by the evidence.  To the extent the plaintiff is trying to argue that Dr. Crawford negligently or maliciously prescribed Actemra despite his having Hepatitis C, the plaintiff has provided no evidentiary basis for such a claim.[3]  Even if the plaintiff had established that individuals who have Hepatitis C should not be given Actemra, such a fact situation falls squarely within the realm of medical malpractice, not Eighth Amendment deliberate indifference.  *See e.g., Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (to show an Eighth Amendment violation a prisoner must typically show that a defendant acted not just negligently, but with "deliberate indifference");  *Estelle v. Gamble*, 429 U.S. at 106 (facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment, because "medical malpractice does not become a constitutional violation merely because the victim is a prisoner.");  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (mere negligence in medical treatment does not amount to deliberate indifference under the Eighth Amendment).

---

[3]Similarly, to the extent that the plaintiff is asserting that Actemra is contraindicated in individuals with Hepatitis C (doc. 38 at 2-3), the plaintiff has provided no evidence in support of this contention.  Rather, the evidence before the court is patients with Hepatitis *B* may be at risk for side effects from Actemra.  (Doc. 20-2 at 8; 33-1 at 5).  Additionally, because patients with hepatic impairment should not be given Actemra, the plaintiff's liver function was tested and found to be normal.  (Doc. 20-2 at 9).  In any event, even assuming that the plaintiff has an allergic reaction to Actemra, he fails to show any connections between an allergic reaction and Hepatitis C.

Because the plaintiff's allegations and evidence assert no more than at most negligence against Dr. Crawford, Dr. Crawford is due summary judgment in her favor on the plaintiff's constitutional claims against her.    These objections are **OVERRULED**.

**Objection No. 3:**  The plaintiff objects to the finding that other medications had not been successful in controlling his rheumatoid arthritis symptoms.  (Doc. 38 at 2).  He states "I was very functional with [Humira] and it was in fact the doctors idea for me to try out another medication.  I was literally fine with [Humira]."[4]  (*Id.*). However, a doctor's decision about the type of medicine that should be prescribed is generally "a medical judgment" that is inappropriate for imposing § 1983 liability. *Adams v. Poag*, 61 F.3d 1537, 1547 (11th Cir. 1995); *Chatham v. Adcock*, 334 F. App'x 281, 288 (11th Cir. 2009).  Negligence as to a diagnosis or treatment does not

---

[4]The plaintiff's medical records do not support this allegation.  In August 2013, the plaintiff complained to MLP Marasigan that he thought his arthritis was progressing, that Enbrel was not working and that his fingers were getting more deformed.  (Doc. 20-3 at CAMERON _1823).  The plaintiff was referred to Dr. Elizabeth Perkins, an outside rheumatologist, who concluded that the plaintiff had active synovitis despite Enbrel and recommended changing the plaintiff's prescription to Humira.  (*Id.*, at CAMERON_1821).  Due to continued deterioration of his right hip, the plaintiff received a hip replacement in May 2014. (*Id.*, at CAMERON_1777). The plaintiff was referred to Dr. Crawford in August 2014.  Her records reflect that the plaintiff "was treated with Enbrel for thirteen years, and then changed to Humira for the past six months. He recently required increased prednisone dose due to persistent synovitis.  He reports swelling in his hands, wrists, and knees bilaterally." (*Id.*, at CAMERON_ 1551).  A series of x-rays in September 2014 noted the plaintiff had signs of rheumatoid arthritis in both knees, shoulder, wrists, hands and elbows.  (*Id.*, at CAMERON_ 1557-1561).

constitute deliberate indifference. *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011).

In a § 1983 action, the court must examine whether a prisoner received medical care rather than the propriety or adequacy of that care. *See e.g., Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir. 1989); *Hamm v. DeKalb Co.*, 774 F.2d 1567, 1575 (11th Cir. 1985). The mere fact of an injury alone cannot support a claim of constitutional proportion. *Estelle*, 429 U.S, at 105-06. Attempting different medications to slow the symptoms of the plaintiff's progressive disease certainly is not within the realm of deliberate indifference to medical needs, as that term has been defined for purposes of constitutional law. *See e.g., Fischer v. Federal Bureau of Prisons*, 349 F. App'x 372, 375 (11th Cir. 2009) ("The evidence in the record indicates Dr. Tidwell exercised his medical judgment in treating and monitoring Fischer's prostate condition. Evidence of potential error in Dr. Tidwell's medical judgment, or a difference in medical opinion from another doctor, did not create a genuine issue of material fact because it did not demonstrate action beyond gross negligence."); *Spaulding v. Poitier*, 548 F. App'x 587, 592 (11th Cir. 2013) (noting that a doctor's decision about a type of medicine to proscribe is a medical judgment inappropriate for § 1983 liability). This objection is **OVERRULED.**

**Objection No. 4:**   The plaintiff asserts that the magistrate judge misstated what happened to the plaintiff after receiving the Actemra injection.  (Doc. 38 at 3).   For the first time in his objections, the plaintiff asserts he complained the same night he received the injection.  He continues, "the staff did not even consider the fact that I was having an allergic reaction until the next day when I was almost dead and had to be rushed out to the emergency room. . . . It was 2 days before I was taken to the emergency room."  (*Id*.).  He asserts that Dr. Holbrook waited two days to send him to the emergency room and that Dr. Crawford was deliberately indifferent under this set of facts.  (*Id*.).

The evidence reflects that the plaintiff received his first and only shot of Actemra on September 29, 2014.[5]  (Doc. 20-2 at 10).  The plaintiff was seen on October 2, 2014, complaining of hand pain.  (Doc. 20-3 at CAMERON_1105).  No other complaints were noted.  (*Id*.).  On October 3, 2014, Dr. Holbrook saw the plaintiff, who complained that he had a rash that had begun the night before, his joints hurt and he was lethargic and pale.  (Doc. 20-2 at 10; doc. 8 at 3).  Dr. Holbrook noted that the plaintiff "had first shot of Actemra on Monday and started feeling poorly on Wednesday.  He developed a rash on his legs yesterday and has not been able to get up since yesterday . . . . He was seen for pain in his hand yesterday and

---

[5]The court takes judicial notice of the fact that September 29, 2014, was a Monday.

treated with Toradol. . . ." (Doc. 20-3 at CAMERON_1102-1103).  At that point, Dr. Holbrook determined the plaintiff was having an allergic reaction, likely to Actemra, and sent him to the local emergency room by ambulance.[6]  (Doc. 20-2 at 10; doc. 20-3 at CAMERON_1103).  Thus, the plaintiff's objection as to the findings of fact concerning the sequence of relevant events is not borne out by the medical evidence before the court.  This objection is **OVERRULED**.

**Objection No. 5:**  The plaintiff objects to the finding that Dr. Monica Crawford is not a federal actor.  (Doc. 38 at 3).  He states she agreed to treat federal prisoners and is paid by the federal government to treat federal prisoners and, therefore, should be treated as a federal employee.[7]  (*Id*.).  The plaintiff may not pursue a claim against Dr. Crawford under *Bivens* because she was a privately employed doctor, not a federal actor acting under color of state law.  *See* Minneci, 132 S. Ct. at 626; *see e.g., Minneci v. Pollard*, – U.S. –, 132 S.Ct. 617, 623 (2012) ("in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable

---

[6]No definitive statement that the plaintiff had an allergic reaction to Actemra appears anywhere in his medical records.  (Doc. 37 at 14 n. 5).  Rather, the records reflect the plaintiff was found to be septic upon his transfer to Princeton Baptist Medical Center and those medical providers though his condition was the result of staph sepsis.  (Doc. 20-3 at CAMERON 1094-1095, 1097).  Another medical record reflects that during his hospitalization, "methicilin susceptible Staphylococcus aureus was isolated from both knees and the blood stream...." (*Id*., at CAMERON_1460).  Since the events that form the basis for the plaintiff's claims, the plaintiff was hospitalized again specifically due to sepsis.  (Doc. 20-3 at CAMERON_0071, 0105).

[7]In prior pleadings, the plaintiff did not allege that Dr. Crawford was a federal employee.  Rather, he described her as an "Rheumatologist at Outside clinic."  (Doc. 8 at 3).

of protecting the constitutional interests at stake."); *Alba v. Montford*, 517 F.3d 1249, 1254 (11th Cir. 2008) (refusing to extend *Bivens* to include employees of a privately operated prison) (citing *Corr. Svs Corp. v. Malesko*, 534 U.S. 61, 70 (2001)); *Katorie v. Dunham*, 108 F. App'x 694, 698-699 (3d Cir. 2004) (no § 1983 liability against a private doctor not under contract with the state).   The plaintiff's objection is therefore **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby is **ADOPTED** and the recommendation is **ACCEPTED**.   Accordingly, the defendants' motions for summary judgment on the plaintiff's federal claims (docs. 20 and 24) are due to be granted, the court finding no genuine issues of material fact exist.   The plaintiff's state law claims are due to be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

The court will enter a separate Final Judgment.

DONE and ORDERED this 18th day of October, 2016.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE